RYGHTMYRE *vs.* DURHAM & RAYMOND. ˙

Where, *after verdict* and before the decision of the court on a *case* made for a new trial, one of two defendants dies, the plaintiff is permitted, if a new trial be refused, to enter judgment against both defendants as of a term *preceding* the death of the party; such leave will be granted at a *special term*, on an *ex parte* application.

December 4˙

IN September, 1831, the plaintiff obtained a verdict in this cause for $169,73, the action being *trespass*. The defendants made a *case*, on which they moved for a new trial; which application was not disposed of until *January*, 1834, when the court refused to grant a new trial. In *May* last the plaintiff filed the circuit roll and *postea*, and entered the usual rule for judgment. The defendant *Durham* having died in 1833, the plaintiff, at a special term in *September* last, obtained a rule that the rule entered on the decision of the cause to be so amended as to authorize judgment to be entered for the plaintiff *nunc pro tunc* as of October term, 1831, and that the plaintiff have leave to enter up judgment as of that term. Judgment was accordingly entered against both defendants. ˈ A motion was now made by the *executor* of *Durham* to set aside the rule of *September*, and all proceedings had thereon, on the allegation that such rule was obtained without notice, and that by the provisions of the statute, 2 R. S. 386, § 1, the plaintiff being authorized to take ˙ judgment against the *surviving defendant*, was bound to take such judgment, and was not entitled to a judgment against both defendants.

*By the Court*, SUTHERLAND, J. The rule of *September* was according to the established practice of the court, which is correctly stated, and the reasons for it, in 2 Dunlap's Pr. 746, and 2 Tidd, 965: the party shall not be prejudiced by the delay of the court in giving judgment, if it can be avoided. The provisions of the statute, 2 R. S. 386, § 1, 2, 3, 4, do not affect this question. They refer to cases where the judgment has not been delayed by the court. In such cases, if one defendant dies, even before verdict, the action shall not abate.

ALBANY,
Dec. 1834.

The People
v.
Niagara C. P.

but shall proceed against the survivor; but where the plaintiff obtains a verdict against two defendants, thus establishing his cause of action, and one of them dies while the cause is *sub judice*, and he is thus stayed from perfecting his judgment, there is no reason why he should be confined to a judgment against the survivor, instead of both defendants. The motion to amend the rule giving judgment in the case was regular enough; it might have been *ex parte*.

Motion denied.