Spalding *v.* Congdon.

---

SPALDING *vs.* CONGDON.                    [543]

Where a plaintiff was *nonsuited* at the trial, and who applied for a new trial, *died* whilst the cause was *sub judice,* and a new trial was eventually denied, the defendant was permitted to enter judgment as of the term succeeding the nonsuit, the plaintiff then being in full life.
The same rule prevails in cases of *verdicts, demurrers,* and *writs of error.*

MOTION for leave to enter judgment *nunc pro tunc.* The issue joined in this case was tried in September, 1833, and the plaintiff *nonsuited.* The plaintiff on a bill of exceptions moved to set aside the nonsuit and for a new trial. The motion was denied by the circuit judge on the 30th of December last. Pending the motion for a new trial the defendant died. The precise time of his death does not appear, it being supposed that he perished at sea about eighteen months ago. The attorney for the defendant now moves for leave to enter up judgment as of October term, 1833—that being the first term after the nonsuit, and the defendant being then alive.

*By the Court,* BRONSON, J. It is objected that more than two terms have elapsed not only since the nonsuit, but since the death of the defendant; and consequently that the statute does not provide for this case. (2 *R. S.* 387, § 4.) There is another reason why the statute does not extend to this case. It only provides for entering judgment after a *verdict* or *plea of confession ;* and does not include a *nonsuit.* But the statute has nothing to do with the matter. Here the party has been tied up by a bill of exceptions and a motion for a new trial, and died
[544] while the matter was *sub judice.* In such cases, whether after verdict or nonsuit—on demurrer or writ of error—and without regard to the lapse of time, the court will, upon common law principles, allow the judgment to be entered up as of a term when the party was alive. (*Rightmyre* v. *Durham,* 12 *Wendell,* 245. 2 *Tidd,* 965, *and cases cited.* 7 *Bing.* 237.) The case of *Seymour* v. *Deyo,* (5 *Cowen,* 289,) decides nothing against this rule of practice. In that case the plaintiff had been nonsuited, and after his death the court refused to hear a motion to set it aside, because nothing but the question of costs was involved in the motion. It would have been useless to grant a new trial, for the suit had already abated by the death of the plaintiff. In this case there has been no *laches* since the decision of the circuit judge, and the motion must be granted. Motion granted.