<em>Litchfield,</em><br>June, 1843.<br>─────<br>Bushnell<br><em>v.</em><br>Church.

---

## COLLINS *against* PRENTICE.

If *A* convey land to *B*, and, at the time of such conveyance, *A* owns other land over which a convenient way may be had, by *B*, to his land, he has not a right of way of necessity, over land which *A* never owned, except as tenant in common.

Where the defendant in an action of trespass, died, after a trial in the superior court, and a verdict for the plaintiff, and during the pendency of a motion for a new trial by the defendant; it was held, that the rule for such motion being discharged, judgment might be entered for the plaintiff as of the term in which the verdict was had.

PURSUANT to the opinion of this court, *ante*, 39–45. a new trial of this cause was granted, and was had, at *Litchfield*, *August* term, 1842, before *Williams*, Ch. J.

The defendant, in support of his plea, offered evidence to shew, that *Adino Hale*, for many years before his death, had acquired a right of a way, by prescription or possession, over the *locus in quo*, now owned by the plaintiff, while *Martha Hale* was the owner thereof; claiming that this right continued in him until the time of his death. The plaintiff objected to this evidence, it being stated in the defendant's plea, that *Adino Hale*, before his death, became the owner both of the

Litchfield,
June, 1843.

Collins
v.
Prentice.

land now owned by the plaintiff, and of that owned by the defendant, and that the defendant claimed said right of way as a way of necessity, and that the defendant's right by prescription had been already tried on another plea, and decided against him. The court excluded such evidence.

It was also claimed, and, for the purposes of this case, not denied, that the *locus in quo* was owned by *Adino Hale*, as tenant in common with the heirs of *Timothy Hale*, and so continued, at the time of the sale to the plaintiff, in his representatives. The plaintiff claimed, that *Adino Hale*, at the time of his death, and his representatives, at the time of the sale, stated in the defendant's plea, owned other land adjoining the land of the plaintiff, in fee and in severalty, over which the defendant might have had a convenient way to the land owned by him; and requested the court to charge the jury, that the defendant could not acquire a right of way over his land, in which the representatives of *Adino Hale* had no interest but that of a tenant in common.

The court instructed the jury, that if, at the time of the sale of the land to the plaintiff and the grantor of the defendant, the estate of *Adino Hale* owned land adjoining in severalty, over which a convenient way might be had, by the defendant, to his land, then the defendant had not right to a way of necessity over the land of the plaintiff, which *Adino Hale* never owned, except as tenant in common.

The jury returned a verdict for the plaintiff; and the defendant moved for a new trial for a mis-direction.

It was stated, by the defendant's counsel, and not denied on the other side, that since the term of the superior court, at which the cause was last tried, the defendant had died.

*Church*, in support of the motion, contended, 1. That when *Adino Hale* sold the defendant this back land, the defendant had the same right of way to it, that the grantor previously had; but it is clear, that *Adino Hale* could pass over land which he owned in common, as well as over that which he owned in severalty. The right of way was then fixed, and still continues.

2. That the cause was out of court; there being no party defendant against whom judgment could be rendered. Where a party in an action of trespass dies, before final judgment,

every thing stops where it is. Here no judgment has been rendered; and we have no practice of rendering judgment *nunc pro tunc.*

*Ellsworth* and *Seymour*, contra, insisted, 1. That *Adino Hale* could not, by his own act, create a right of way of necessity over land, which he held in common with others, when there was other land which he owned in severalty, through which access might be had to the back land. If so, the law clearly will not *imply* such right of way from the mere fact of his selling out his front land. Besides, the defendant's claim is at variance with his plea.

2. That final judgment may be entered upon the verdict in this cause. A motion for a new trial does not *vacate* the judgment, as an appeal does; it merely *suspends* it; and on discharging the rule, the suspension is removed, and the judgment is of the term when the trial took place. 4 *Day*, 120. 468. The judgment is final *nisi—i. e.* unless a new trial is granted. Were it otherwise, there would be no occasion for a stay of execution; for no execution could issue without final judgment. At any rate, there is no difficulty in rendering judgment *nunc pro tunc.* The rule that the death of the defendant operates to discharge an action of tort, is merely technical, and generally against the clear justice of the case. There is no reason for extending it.

WAITE, J. When this case was before us, at the last term, the defendant claimed, that upon the facts stated in his motion, he was entitled to a way of necessity over the lands belonging to *Adino Hale*, at the time of his decease. That claim we held to be well founded. 15 *Conn. Rep.* 39.

1. He now goes farther, and insists, that he is not only entitled to such way over lands owned by *Hale* in severalty, but also over lands which he never owned, except as a tenant in common with other persons. It is now not denied, but that the heirs of *Timothy Hale* owned a share of the lands of the plaintiff, as tenants in common with *Adino Hale*, and that their ownership was continued down to the time of the sale to the plaintiff, by his executors. And the question is, whether the plaintiff's interest in the lands not derived from the executors, can be affected by their deed to the defendant.

*Litchfield,*
*June, 1843.*

Collins
*v.*
Prentice

A way of necessity can only be created in lands *owned* by the grantor, at the time of the conveyance ; and must be either reserved in the lands conveyed for the benefit of the grantor, or created in other lands of the grantor for the benefit of the grantee. It arises from a fair construction of the deed as to the presumed intent of the parties. And it affects nobody but the parties to the deed, or those claiming under them. It is true, the conveyance, in this case, was made by executors ; but the same construction, in this respect, is given to their deed as if it had been made by their testator.

Now, although a man may, by his deed, incumber his own land, with a right of way, he has no power to create a like incumbrance upon his neighbour's. The heirs of *Timothy Hale* were not parties to the conveyance to the defendant ; and consequently, their rights remain unaffected by it.

Had they owned the *locus in quo* in severalty, it would hardly be claimed, that the defendant would have had a right of way there. The circumstance that they owned but an undivided share, makes no difference in principle. They are just as much entitled to have that share unincumbered, as if they owned the whole property. It was not in the power of the executors to incumber the one, any more than the other.

Besides, the instruction given to the jury, was, that if, at the time of the conveyance to the defendant, there were other lands belonging to the estate of *Adino Hale*, over which a convenient way might be had, by the defendant, to his land, he had no right to a way of necessity, over the lands of the plaintiff, which *Hale* never owned, except as tenant in common. The very statement of the proposition, shews there was no necessity for a way over the lands in which *Hale's* cotenants had an interest.

We are, therefore, satisfied, that the ruling of the judge on the circuit, was right.

2. A further question is made. It is said, that since the term of the superior court, in which the last verdict was rendered in this cause, the defendant has died. The defendant's counsel now claim, that no judgment can be entered.

Judgment might, and undoubtedly would, have been entered for the plaintiff, at that time, had it not been for the motion for a new trial, made by the defendant. If that mo-

*Litchfield,*
June, 1843.

Collins
*v.*
Prentice.

tion does not prevail, it ought not to prejudice the rights of the plaintiff.

There is no difficulty in directing judgment to be entered for the plaintiff, as at the term in which the verdict was rendered. This will be in conformity with justice and with the practice in *England,* and in other states. 2 *Tidd's Prac.* 846. *Tooker* v. *Duke of Beaufort,* 1 *Burr.* 147. *Trelawney* v. *Bishop of Winchester,* 1 *Burr.* 226. *Toulmin* v. *Anderson,* 1 *Taun.* 385. *Mackay* v. *Rhinelander,* 1 *Johns. Ca.* 408. *Ryghtmyre* v. *Durham* & al. 12 *Wend.* 245.

In this opinion the other Judges concurred.

New trial not to be granted.
Judgment to be entered *nunc pro tunc.*