### HENRY SMITH vs. HENRY C. MILLER.

The late Supreme Court upon hearing and determining a motion (calendar cause,) since the first Monday of July last, have no power to order judgment to be entered as of a term previous thereto.

Thus, where the Plaintiff had died previous to the first Monday of July last—the commencement of July term—and the Defendant's counsel refused to argue a motion to set aside a report of referees when reached on the calendar, for the reason that the Plaintiff's death had abated the suit; and the court entered a rule denying the motion to set aside the report of the referees, and directing judgment to be entered as of May term, 1847. *Held*, that the court had exhausted its power, under the constitution, when it had " determined " whether or not the report of the referees should be set aside, and that further rule made in the case, was unauthorized.

Whether this court has power to enter such judgment as directed by such a rule. *Quære ?*

*October Special Term*, 1847.   *Albany County.*—This cause having been referred, a report of the referees in favor of the Plaintiff for $3288.24, was made on the 26th September, 1844.   A case was made for the purpose of moving to set aside the report and an order staying proceedings until the motion was obtained by the Defendant.   The cause was on the calendar for argument at the last July term, and when it was reached the counsel for the Defendant declined arguing the motion, on the ground that the suit had abated by the death of the Plaintiff, he having died before the commencement of the term.   The court thereupon made a rule

denying the motion to set aside the report of the referees and directing judgment to be entered as of May term, 1847. On the 23d of July, judgment was perfected by filing the record in the Columbia county clerk's office.

J. GAUL, JR., and N. HILL, JR., *for Deft.*

M. T. REYNOLDS, *for Plff.*

HARRIS, Justice.—The statute authorising the court, in case of the death of a party after verdict and before judgment entered thereon, to enter final judgment in the names of the original parties, within two terms of such verdict, has no application to a case like that before the court. From the time, at least, when the order to stay proceedings was made upon the case made by the Defendant, the cause is to be regarded as *sub judice.* The Plaintiff was delayed by the motion to set aside the his report. He ought not to be prejudiced by the delay of the court to give judgment upon the motion. Hence the established practice in such cases of allowing judgment to be entered *nunc pro tunc* as of a term previous to the death of the party. (*Rightmyre* vs. *Durham,* 12 Wend. 245; *Spalding* vs. *Congdon,* 18 Wend. 543.)

But another question of much greater difficulty arises upon this motion. By the 6th section of the 14th article of the constitution, the supreme court as it existed under the former constitution are vested with power "*to hear and determine*" any of the suits which by the section next preceding had become vested in the Supreme Court thereby established, which, on the first Monday of July, 1847, should be ready for hearing or decision. The 62d section of the Judiciary Act provides that, except for the purpose of *hearing and determining* such suit, it shall be deemed transferred to the Supreme Court organized by that act, on the first Monday of July. In this case the former court, as the constitution authorised it to do, heard and decided the motion to set aside the report of the referees, the decision was certified to the clerk of Columbia, upon which judgment might be entered up and enforced in this court as provided in the section of the Judiciary Act referred to. But the court, making the decision, went further. It made an order directing this court to enter up and enforce the judgment "*as of May term,* 1847." Is this direction within the power vested in that court by the constitution? Is it any part of the *determination* of the suit which it is authorised to make, to direct the manner in which the judgment shall be entered up or enforced? Suppose after the court had heard the case and made their decision, a subsequent application had been made for leave to enter judgment *nunc pro tunc,* upon

a suggestion of the death of the Plaintiff. Would it be pretended that it would be authorised to entertain such a motion? And yet, in what respect does the cases supposed differ from that in question? The only difference that I can perceive is, that in the case before the court the motion for leave to enter judgment *nunc pro tunc* was made before the decision of the court in the suit was entered by the clerk, and the rule granted upon the motion was entered with the decision. I think the power of the court was exhausted, when it had "determined" whether or not the report of the referees should be set aside, and that any further rule made in the case was unauthorised.

The power vested in the former Supreme Court to hear and determine suits ready for hearing or decision on the "first Monday of July" is analogous to that vested in circuit judges by the act of 1832, relating to the Supreme Court and circuit judges. (Session Laws, 1832, p. 188.) The second section of that act provided that certain cases mentioned in the first section should in the first instance be "heard and decided" by the circuit judge who should hear and exercise, in such cases, "the same power as was possessed by the justices of the Supreme Court." And yet, it never was pretended that the circuit judges had the power to make a rule directing the judgment upon their decision to be entered *nunc pro tunc*. Such leave could only be obtained by direct application to the Supreme Court upon motion. *Spalding* vs. *Congdon*, 18 Wend. 543, was such a case. The circuit judge had denied a motion for a new trial upon a bill of exceptions but pending the motion the Defendant had died. Instead of making it a part of the rule upon the decision as was done in this case, a motion was made in the Supreme Court for leave to enter judgment upon the decision of the circuit judge, as of a term previous to the death of the party. It may be well doubted whether this court has the power to enter such a judgment as is directed by the rule made in this suit. This court came into existence on the first Monday of July, and it seems absurd for it to render a judgment, which, even by relation, is to date and take effect as of a time prior to its own being. But as this is a mere fiction, adopted to promote the ends of justice, I will not now say that it may not be done. The decision of this motion does not require a determination of that question.

On the whole, the proper disposition of this application is, to grant the motion vacating the rule denying the motion to set aside the report of the referees and all subsequent proceedings, and to direct that all the costs abide the event of the suit.