# SUPREME COURT

# SPECIAL TERM REPORTS.

## VOL. 3.  NO. 5.

THOMAS L. OGDEN & JOSIAH FELLOWS VS. OLIVER LEE.

Where both parties to a suit, ready for argument in the Supreme Court, entered into a sti-
pulation that the cause should abide the event of another suit, upon which a writ of error
was brought to the Court of Errors, and that neither party should move in the stipulated
cause until the final decision upon the writ of error cause; and the latter cause was de-
cided in favor of the Defendant, and the writ of error returned; and at that time the
Defendant in the stipulated cause died: *Held*, that judgment *nunc pro tunc*, as of a day
previous to his death could not be entered—the cause abated. It was not a case where
the delay had proceeded from the court.

To entitle a party to such judgment, the delay must arise from the act of the court. The
right to have the judgment must be determined during the life of the other party, and
the court will not permit that right to be lost *by its own delay.* But in this case there
was no stay of proceedings by the court. The parties agreed to stay until the decision
of another cause.

*Motion by Defendant's counsel for judgment nunc pro tunc.*—A stipula-
tion was read by consent, in the following form:

" SUPREME COURT.

Thomas L. Ogden and Josiah Fellows }
vs. }
Oliver Lee and Jeremiah Ellsworth. }

The same }
vs. }
Oliver Lee. }

The parties to the above entitled causes have mutually stipulated and
agreed therein as follows: The first cause is to be tried at the Circuit
Court to be held for Erie county for the 19th instant, upon the evidence,

20

oral and written, contained in the bill of exceptions made and settled in said cause; each party shall take such exceptions as they shall deem proper to the ruling of the circuit judge, after the evidence has been presented.  And it being anticipated that (under the decision of the Supreme Court) the plaintiffs will be non-suited or else a verdict will pass against them, and the plaintiffs intending to carry said cause up to the Court for the Correction of Errors, *it is understood and agreed that if the decision of the Court for the Correction of Errors, or the final decision* in said first cause is in favor of the defendants, they shall take the like judgment in the second cause with costs to be taxed.

And if the decision in that court, on such final decision, is in favor of the Plaintiffs in the first cause, then they shall have judgment in said first cause for $1047, damages and the costs of the suit to be taxed. And in the second cause they shall have judgment for nominal damages only, and their costs to be taxed.  *In the mean time, said second cause shall not be moved by either party.*  The Plaintiffs shall bring their writ of error, on the judgment in the Supreme Court in the first cause, within six months after judgment in the Supreme Court in the first cause, or else the said judgment shall be deemed final."

The stipulation was signed by the parties, and dated Nov. 19, 1844. The counsel also mutually admitted the following facts.  The first cause had, at the date of the stipulation, been once tried at the circuit, and a verdict taken for the Plaintiffs, which had been set aside by the Supreme Court and a new trial granted.  In the second cause issue had been joined but no trial had.

The first cause has been again tried at the circuit, Plaintiffs non-suited, judgment entered on the non-suit in the Supreme Court, and within six months thereafter the Plaintiffs brought a ˙writ of error therein to the Court for the Correction of Errors, and the latter court decided in favor of the Defendants—affirming the judgment of the Supreme Court.  After the writ of error was returned, the Defendant Lee died.  Before his death the cause had been ready for hearing; had been once or twice noticed for argument, but not argued.  The counsel for the Defendant now moves upon these facts for leave to enter judgment *nunc pro tunc*, in the second cause as of a day prior to Lee's death.

> M. FILLMORE, *for the motion.*
> J. M. SMITH, *for Plff.*

SILL, Justice.—In *Spaulding* v. *Congdon*, 18 Wend. 543, cited by the counsel for the Defendant, the Plaintiff was non-suited at the circuit.

He made a bill of exceptions, and the proceedings in the cause was stayed. Before argument the Plaintiff died, and the court permitted the judgment to be entered as of a day while he was living. The same was done in *Gurney* v. *Parks*, 1 Howard's Sp. T. R. 140.

In *Rightmyre* v. *Durham et al.* 12 Wend. 245, the Plaintiff obtained a verdict; a bill of exceptions was taken; and before argument one of the Defendants died. The court in that case allowed judgment to be entered *nunc pro tunc*, against both Defendants. They say, " when a Plaintiff obtains a verdict, *thus establishing* his cause of action, and one Defendant dies while the cause is *sub judice*, and he is thus stayed from perfecting his judgment, there is no reason why he should be confined to his judgment against the survivor instead of both Defendants." Dunlop says: " If either party die after a special verdict, and pending the time for argument or a hearing therein, or a motion for a new trial or other proceeding, whereby the entry of the judgment is suspended, judgment may be entered *nunc pro tunc*, as of a time when the party would have been entitled to it on the return of the postea. That the delay arising from the act *of the court* may not turn to the prejudice of the party." (2 Dunlop, 749.)

To entitle a party to such judgment, the delay must arise from the act of the court. The right to have the judgment must be determined during the life of the other party, and the court will not permit that right to be lost by its own delay.

It is contended that this case comes within these principles. It is said that the judgment in the second cause was delayed by the writ of error in the first. It was noticed and the parties ready for argument before Lee's death, and it is immaterial whether the delay is voluntary on the part of the court or occasioned by the amount of business which was entitled to preference. I find no decision or authority going this length. In *Bates* v. *Lockwood*, 1 T. R. 637, the Plaintiff had recovered a judgment in K. B. and brought a second suit on the judgment in the same court. The Defendant pleaded *nul tiel record* in the second suit, and brought a writ of error upon the judgment in the first, and though the *court* stayed proceedings in the second suit till a decision on the writ of error, before the decision the defendant died, and the Plaintiff moved for judgment *nunc pro tunc*, in the second suit. The court say, that is permitted only in cases where the delay has proceeded from the court; " but where the party proceeds according to the common course of the law, *by bringing a writ of error*, then the court cannot interfere."

But in this case there has in fact been no stay of proceedings by the court. Before any trial, and before any right of either party had been determined, the parties agree to stay the proceedings until the decision of another cause. The consequence is the cause abates, and the motion is denied, but without costs.