## SUPREME COURT.

### HOLMES AND PALMER agt. HONIE.

Where one of several plaintiffs dies, pending an action, the cause of which sur-
vives, and the defendant enters judgment against *all*, no order to proceed in
favor of the surviving plaintiffs having been made, the judgment is irregular,
*and must be set aside.*

The judgment can not be amended, and allowed to stand as against the surviv-
ing plaintiffs, because it is a *joint judgment.*

*Monroe Special Term and Circuit, November,* 1851. Motion
to set aside judgment. The action was commenced on or about
2d November, 1850, to recover $65, alleged to be due from
defendant to plaintiffs. Issue was joined, and an order made
changing the place of trial from Monroe to Livingston county.
The plaintiff, Holmes, died on or about July 6th, 1851, and no
letters, testamentary or of administration, have been issued
upon his estate. Philip Teare, who was originally the attorney
for the plaintiffs, some time since left his place of business, in
the city of Rochester, for parts unknown. The moving affida-
vit is made by the plaintiff, Palmer, who states therein that he
had no knowledge of the condition of the cause, until he
received a notice from defendant's attorneys, (Chamberlain &
Wood, of Geneseo,) served by mail on said Teare, after he had
left as aforesaid, which was forwarded to deponent, that they
had caused a judgment to be entered in the action, against both
plaintiffs, in favor of the defendant, for $67,49 costs, and
docketed in Livingston county clerk's office, on the 24th day
of September, 1851. No motion has been made or order
granted allowing the action to be continued in the name of the
surviving plaintiff or the representatives of the deceased.
Notice of this motion was given on the 14th day of October,
1851, accompanied by a notice of the substitution of another
attorney for the plaintiff, Palmer.

On the part of the defendant it is shown that on the 20th
day of August, 1851, notice of trial was served personally by
the defendant's attorneys, for the Livingston circuit held on

the first Tuesday of September, 1851. That the cause was on the calendar of said circuit, and when reached, the plaintiffs not appearing, an order was entered on motion of defendant's attorneys, dismissing the complaint, and for judgment in favor of the defendant, for costs. That the attorney for the plaintiff was present at said circuit and made an application to defendant's attorneys to put over the trial, and stated to them that he would make a motion to put it over for the reason that he was not prepared for trial, and did not inform defendant's attorneys that the plaintiff, Holmes, was dead, nor did he make any objection to further proceeding on the part of the defendant, on any ground, and only wished for delay on the ground that he was not prepared for trial.

A. J. WILKIN, *for the Motion.*

JAS. WOOD, JR., *Opposed.*

WELLES, Justice.—At common law, the death of a party, or, in case of a plurality of plaintiffs or defendants, the death of one or more of them would, in general, abate the action. (*Paine and Duer's Pr.* 211.) The rule however has from time to time been modified and changed by the Legislature. (1 *R. L.* 519, § 9 ; 2 *id.* 312, § 10 ; 2 *R. S.* 386, 387, §§ 1, 2, 3, &c.; *Code,* § 121.)

It was never regular, either by common law or statute, to enter judgment against a person after his death. Formerly the court would, sometimes, after the death of a party, order a final judgment to be entered in his favor or against him, where judgment *nisi,* or interlocutory judgment had been entered in his life time, and the final judgment deferred by a case or bill of exceptions and order to stay proceedings, and perhaps in some other cases ; but then, the final judgment would be ordered to be entered *nunc pro tunc,* as of some time when the deceased party was alive, so that the record would show the judgment to have been entered while he was living. In the present case the judgment has been rendered and docketed against the plaintiff, Holmes, since his death. This was technically irregular, and must be set aside. It is a joint judgment against

both the plaintiffs, and must be set aside as to both. At first, I thought the judgment might be amended, so as to let it stand as against the plaintiff, Palmer; but upon reflection I think that cannot be done, as no order has been made allowing the action to proceed in favor of the surviving plaintiff; it being a case where the cause of action survived. It was, in my judgment, irregular to proceed with the action after the death of Holmes, until such order had been obtained, which might have been done on motion of either party.

An order must therefore be entered setting aside the judgment, and that the action proceed in the name of the surviving plaintiff. No costs of this motion are to be allowed to either party as against the other.