The Skidaway Shell–Road Company *vs.* Brooks, administrator, *et al.*

Where, in an action *ex delicto,* a verdict was found in favor of the plaintiff, her attorney had a right to enter and sign up judgment thereon within four days after the adjournment of the court at which the verdict was rendered, although the plaintiff died between the finding of the verdict and the entering of judgment.

December 7, 1886.

Judgments. Actions. Abatement. Parties. Torts. Before Judge Adams. Chatham Superior Court. June Term, 1886.

Ellen O'Brien brought suit against the Skidaway Shell-Road Company to recover damages for a personal injury resulting from falling into a ditch, alleged to have been unlawfully dug by the defendant, and on the trial, she recovered a verdict for $1,000. A motion for a new trial was made, and after argument, the court reserved his decision.

After this the plaintiff died. Still later, her attorneys entered up judgment on the verdict within four days from the adjournment of the court at which the verdict was rendered. At that time no administrator of her estate was appointed, but afterwards Jordan F. Brooks was appointed. The defendant filed a petition to set aside the judgment and have the action declared to be abated. A rule *nisi* was issued, and on the hearing the prayer was refused, and the petitioner excepted.

LAWTON & CUNNINGHAM, for plaintiff in error.

R. R. RICHARDS, by brief, for defendants.

BLANDFORD, Justice.

The question here is, does an action *ex delicto* for personal injuries abate by the death of either party after verdict for the plaintiff and before judgment entered, although judgment be entered on the verdict within four days after the adjournment of the term of the court during which the verdict was found?

The solution of this question depends, 1st, upon what was the law of England? 2d. What is the law of this state?

The statute, 17 Charles 2, chap. 8, enacts that, "In all actions, real, personal or mixed, the death of either of the parties between verdict and judgment shall not be alleged for error so as such judgment be entered within two terms after such verdict." This statute, it would seem, is broad enough to cover this case; it was of force in this state at the time of the adopting statute passed on the 24th day of May, 1784. Schley's Digest, in which the statute is set out in full. "All actions, real, personal or mixed," would include this action, it being an action on the case for personal injuries; a personal action is certainly within the statute. It is stated in Bacon's Abr., Title Abatement F., "If the plaintiff or defendant die whilst the courts are considering of their judgment, or after a special verdict or

special case, and pending the time for argument or for advising thereon, or on a motion in arrest of judgment or for a new trial, they will permit the judgment to be entered up as of the term in which it might have been." So it was decided in 1 Burr. 147, 219; 1 Term R. 37; 1 East, 409; Salk. 8, pl. 21; 7 Term R. 31; Siderfin, 385; 1 Wils. 124, 302; 1 Lev. 278; Raym. 210. So it was held by the court *nem. con.* in Palmer *vs.* Cohen, 2 Barn. & Adolphus, 966, which was an action for a libel, where the plaintiff died after verdict and before judgment, that judgment might be entered on the verdict. The motion to enter the judgment was resiste d upon the ground that in this case there was no survivorship, and that therefore there could be no judgment, but the whole court thought otherwise, and judgment was allowed to be entered as a matter of course. And in the case of Kramor *vs.* Waymart, 4 Hurlstone & Coltman, Exchr. R. 427, which was an action for personal injuries, a judgment was allowed to be entered upon the verdict, although the plaintiff had died after verdict and before judgment. The verdicts in all these cases were final, and so were the judgments; but in cases of interlocutory verdicts and judgments and not final, where the action would not survive, then no judgment would be allowed to be entered on the verdict; and it is thought that no decision can be found in any English case to the contrary of what is here stated.

To the same effect are the American decisions, as will be found by an examination of the following cases: Pool *vs.* Loomis, 5 Ark. 110; Collins *vs.* Prentice, 15 Conn. 423; Rygsteign *vs.* Durham, 12 Wend. 245; Spalding *vs.* Congdon, 18 *Id.* 543; Goddard *vs.* Bolster, 6 Me. 427; Holmes *vs.* Honie, 8 How. Pr. 383; Blaisdell *vs.* Harris, 52 N. H. 191; Fowler *vs.* Burdett, 20 Tex. 34; Beard *vs.* Hall, 79 N. C. 506.

It may then be assumed that, by the common law and English statutes, adopted by the statute of this state, where a plaintiff dies after verdict and before judgment entered,

judgment may be entered on such verdict. What changes, if any, have taken place depend upon our own statutes. The judiciary act of 1799 (Cobb's Digest, 474), part of which is embraced in section 3568 of the Code, declares, " In all cases, when a verdict shall be rendered, the party in whose favor it may be, or his attorney, shall be allowed to enter and sign up judgment thereon at any time within four days after the adjournment of the court at which such verdict was rendered. . . ."

This is a very broad statute, and makes no exception, even where one of the parties may have died after verdict, but it states, in all cases, the judgment may be entered. The death of the party does not revoke the power of his attorney to sign and enter judgment; it is a power conferred by the law, and not by the client. This statute sweeps out of the way every obstacle that may have existed at common law, if the same had not been removed by the statute of 17 Car. 2, above referred to; and that such was the intention of the law-making power there can be little or no doubt. What may be the effect of this judgment is not now decided. The court below having held that the plaintiff's attorney had the right to sign and enter judgment in this case within four days after the adjournment of the court when the verdict was obtained, notwithstanding plaintiff's death, this judgment must be affirmed.

Judgment affirmed.