(Ashtabula County Court of Common Pleas.)

### W. W. SINCLAIR v. JOHN G. FEAR.

*Franchise.*—The death of either part after a question is submitted to the court, but before the court renders a decision, does not prevent the court from deciding the question, but the court may enter such decision as of the date of submission when both parties were alive.

*Verdict against the evidence—Attendance of a party at trial, but not testifying to deny statements of witnesses.*—Where disinterested parties testify positively to the speaking of certain words, and the other party is present and hears the testimony, and does not go upon the stand and deny it, the fact that he did not go upon the stand and testify is a strong circumstance tending to prove that he admitted the speaking of the words as charged.

(Decided July 7, 1895.)

HOWLAND, J.

This is an action to recover damages for the speaking of slanderous words. The petition contains two causes of action. The following are the words alleged in the first cause of action, to-wit: "He (meaning the plaintiff) set the saloon on fire (meaning thereby that the plaintiff set fire to and destroyed said building, of which he was the occupant aforesaid, by fire) and was guilty of the crime of arson."

The following are the words charged in the second cause of action, to-wit: "The fellow, that kept that saloon, (meaning the plaintiff) set the building on fire, as he, the defendant believed (meaning thereby that the plaintiff who was the occupant and lessee and keeper of said building and saloon, was guilty of setting fire to and destroying said building, and was guilty of the crime of arson,)" and alleging in each of the causes of action, that by reason of the speaking of those false and slanderous words, the plaintiff has been greatly injured in his good name and character.

The answer to the petition is a general denial of all the allegations therein contained. The speaking of the words is thereby denied, which raised the main issue in this case. The verdict was for the defendant. Within three days after verdict, the defendant died; before his death the plaintiff filed two motions for a new trial, and they were pending at the time of his death.

By consent of the parties, these motions were continued from that term, to-wit: October term 1894, to the present term, to-wit: in the March term, 1895, when they were argued and submitted.

At the hearing of the motions for a new trial, the administratrix of the defendant, Mrs. Fear, filed a motion, which asks the court to overrule the motion for a new trial, and to enter a judgment against the plaintiff, for costs, as of the time and date that the motions for new trial were filed, under the rule, and during the life of the defendant, as a *nunc pro tunc* order.

The law is well settled, that whenever a question is presented and submitted to the court, the death of either party, before the court renders the decision, does not prevent the court from deciding the question so submitted; but the court may enter such decision as of the date of the submission when both parties were alive.

The question here presented, arises upon a motion for a new trial, which had not been heard or submitted before the death of the defendant. We, therefore, were in doubt, as to whether it came within the rule.

We find, however, that such a motion may be heard, after the death of the party, and the rule applied. The question as to whether an order, *nunc pro tunc*, should be made, depends first upon the question as to what shall be done with these motions, 6 Ohio St. 228, Dial v. Holter; 15 Conn. 423, Collins v. Prentice; 37 Ohio St. 147, Bothe v. Railroad Company, 42 Ohio St. 199.

"Where the court has the authority to enter such an order, the question whether the order should be made, rests in the discretion of the court, to be exercised only in the furtherance of justice." 6 Ohio St. 228; 42 Ohio St. 199.

These cases are authority for holding that in this case, after the death of the defendant, the motions for a new trial may be heard and disposed of, before we reach or can consider the motion for the *nunc pro tunc* order.

The speaking of the alleged slanderous words, was denied in the answer, and there was no justification plead. The burden was upon the plaintiff to prove, by a preponderance of all of the evidence, that the words were spoken substantially as charged in one or both causes of action, before he would

be entitled to a verdict.  In the event the words charged in either cause were so proved, the plaintiff was entitled to a verdict thereon.  The jury found that the speaking of the words, substantially as charged, had not been proved.  One of the grounds for the motion for a new trial is that the verdict is not sustained by sufficient evidence.  In the charge the attention of the jury was directed to the first cause of action, which it is claimed was based upon words spoken to, and in the hearing of, the witness D. C. Baker, in the morning at the hotel.  They were also instructed that the evidence must be confined to the speaking of those words as a basis of recovery upon the first cause of action.

Their attention was also directed to the second cause of action, which it is claimed was based upon words spoken in the presence and hearing of the witness, Henry Allen, near the depot, and that they were confined to the evidence of the speaking of those words, as a basis of recovery upon the second cause of action; and that if it had been proved that while the defendant was speaking of, and concerning the plaintiff, and of and concerning the burning of said saloon building, he then spoke in the presence and hearing of the witness D. C. Baker, the words charged in the first cause of action substantially as therein charged, and that said Baker then heard and understood said words as spoken and used in that sense, and with that meaning, the plaintiff would be entitled to recover upon the first cause of action, and that malice would be inferred by law from such a speaking, and it would be presumed that the words so spoken were spoken maliciously, and in that event their verdict should be for the plaintiff upon the first cause of action; but the amount of their verdict was a question for their determination, under the rules of law given them in these instructions.

The jury were directed to apply the same rules to the second cause of action; that if the speaking of the words were proved by a preponderance of the evidence, as alleged, in the presence and hearing of the witness Allen, then it was their duty to find in favor of the plaintiff; but the amount thereof was for their determination, and would be either nominal, compensatory or exemplary damages, as they should find in accordance with these instructions, as hereinafter explained.

In the event there was a mistake by the jury, by which they have been led to return a wrong verdict, it is the duty of the court to take that into consideration, on the motion for a new trial, and if a mistake has been made, to set aside the verdict.  We are satisfied the jury were not influenced by any passion, bias or prejudice, in this case; although the case was tried under rather exciting circumstances.

The plaintiff, W. W. Sinclair, did not testify in the case; neither did the defendant Fear.  When we look at the verdict, in connection with the evidence bearing on the question of the speaking of the words charged in the petition, it is apparent to us, that a mistake was made by the jury.  The witness Baker testified directly and positively to the speaking of the words to him, and in his presence, as charged in the first cause of action.

The witness Allen testified directly and positively to the speaking of the words, as charged in the second cause of action.

The defendant, though present in court, and listening to their evidence, did not go upon the stand, or deny the speaking of either set of words.  When these witnesses so testified, and the defendant did not deny the speaking of the words, we concluded that he intended to admit the speaking; but relied upon the other facts, which he was entitled to prove, and did put in evidence, to mitigate the damages to a nominal sum, and that we think was the course of the trial.  Yet the jury found these words were not spoken.  The jury were instructed that the gist of this action is the

malice that enters into the speaking of the words. That malice may be either express or implied. We are satisfied the jury made a mistake in not fully understanding our explanation of implied malice. They evidently found, under our explanation, that no express malice had been proved; that the defendant did believe all that he said was true; therefore, there was no malice in what he said, and as no express malice was proved, the speaking of the words had not been proved. We are satisfied that in that way the jury made a mistake, and rendered a verdict for the defendant, when it should have been for the plaintiff. Under the charge of the court, the verdict should have been for the plaintiff.

We interfere with the verdict of a jury with reluctance, but where disinterested parties testify positively to the speaking of the words, and the other party is present and hears the testimony, and does not go upon the stand and deny it, the fact that he did not go upon the stand and testify is a strong circumstance tending to prove that he admitted the speaking of the words as charged.

We have, therefore, come to the conclusion, that the motions for a new trial must be sustained, and the verdict set aside, on the ground that the verdict is clearly against the evidence in the case.

Sustaining the motions for a new trial, and setting aside the verdict, in effect necessarily requires us to overrule the motion for a *nunc pro tunc* order, which we here do accordingly.

To all of which holdings and rulings of the court, the defendant by his counsel excepted.

Sherman & Laughlin, T. E. Hoyt and George Alvord, for plaintiff.

F. R. Smith, E. H. Fitch and A. J. Trunkey, for defendant.